NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-12-0001054
03-MAY-2013
08:54 AM**

NO. CAAP-12-0001054

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

EDWARD HAUSMAN and LORRAINE SILVA-HAUSMAN,
Plaintiffs-Appellees,
v.
MARK A. MCMILLAN, Defendant-Appellant,
and
MAKALA CONSTRUCTION INC., a Hawaiʻi corporation

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 10-1-0323(3))

ORDER GRANTING MARCH 18, 2013 MOTION TO
DISMISS APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, Chief Judge, Foley and Ginoza, JJ.)

Upon review of (1) Plaintiffs-Appellees Edward Hausman and Lorraine Silva-Hausman's (Appellees Hausman and Silva-Hausman) March 18, 2013 motion to dismiss appellate court case number CAAP-12-0001054 for lack of jurisdiction (motion to dismiss), (2) the lack of any memorandum in opposition to Appellees Hausman and Silva-Hausman's motion to dismiss, and (3) the record, it appears that we lack jurisdiction over Defendant-Appellant Mark A. McMillan's (Appellant MacMillan) appeal from the Honorable Joseph E. Cardoza's October 31, 2012 order denying Appellant McMillan's July 19, 2012 motion for

relief from the circuit court's December 5, 2011 judgment, because the circuit court has not yet entered a judgment that satisfies the requirements for an appealable final judgment under Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2012), Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP), and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on this requirement under HRCP Rule 58, the Supreme Court of Hawai'i has held that "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" <u>Jenkins</u>, 76 Hawai'i at 119, 869 P.2d at 1338.

> <u>[I]f a judgment purports to be the final judgment in a case involving multiple claims</u> or multiple parties, <u>the judgment</u> (a) must specifically identify the party or parties for and against whom the judgment is entered, and (b) <u>must</u> (i) identify the claims for which it is entered, and (ii) <u>dismiss any claims not specifically identified</u>[.]

<u>Id.</u> (emphases added). "For example: 'Pursuant to the jury verdict entered on (date), judgment in the amount of $___ is hereby entered in favor of Plaintiff X and against Defendant Y <u>upon counts I through IV of the complaint.</u>'" <u>Id.</u> at 119-20 n.4, 869 P.2d at 1338-39 n.4 (emphasis added).

> If the circuit court intends that claims other than those listed in the judgment language should be dismissed, it must say so; for example, "Defendant Y's counterclaim is dismissed," or "Judgment upon Defendant Y's counterclaim is entered in favor of Plaintiff/Counter-Defendant Z," or "all

> other claims, counterclaims, and cross-claims are
> dismissed."

Id. As its supporting rationale for the requirements of an appealable final judgment under HRCP Rule 58, the Supreme Court of Hawai'i explained that

> [i]f we do not require a judgment that resolves on its face
> all of the issues in the case, the burden of searching the
> often voluminous circuit court record to verify assertions
> of jurisdiction is cast upon this court. Neither the
> parties nor counsel have a right to cast upon this court the
> burden of searching a voluminous record for evidence of
> finality[.]

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (original emphasis).

In contrast to a final judgment on all claims, "[a] post-judgment order is an appealable final order under HRS § 641-1(a) if the order ends the proceedings, leaving nothing further to be accomplished." Ditto v. McCurdy, 103 Hawai'i 153, 157, 80 P.3d 974, 978 (2003) (citation omitted). Although a separate judgment is usually necessary for an appeal under HRCP Rule 58 and the holding in Jenkins, "the separate judgment requirement articulated in Jenkins is inapposite in the post-judgment context." Ditto v. McCurdy, 103 Hawai'i at 158, 80 P.3d at 979. Thus, for example, "[a]n order denying a motion for post-judgment relief under HRCP [Rule] 60(b) is an appealable final order under HRS § 641-1(a)." Id. at 160, 80 P.3d at 981 (citation omitted).

At first glance, it might appear that Appellant McMillan is appealing from an appealable final post-judgment order, namely the October 31, 2012 order denying Appellant McMillan's July 19, 2012 motion for relief from the December 5, 2012 judgment, particularly because Appellant McMillan purported to invoke HRCP Rule 60(b) in support of his July 19, 2012 motion. However, the instant case does not involve a post-judgment order,

because the circuit court has not yet entered a "judgment." By definition, a "judgment" is "a decree and any order <u>from which an appeal lies</u>." HRCP Rule 54(a) (emphasis added). The circuit court's December 5, 2011 judgment does not satisfy the requirements for an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>, because, although Appellees Hausman and Silva-Hausman asserted multiple claims through four distinct and separate counts in their May 20, 2010 complaint, the December 5, 2011 judgment does not identify the claim or claims on which the circuit court intends to enter judgment, as the holding in <u>Jenkins</u> expressly requires for an appealable final judgment involving multiple claims. Because the December 5, 2011 judgment does not qualify as an appealable final judgment under HRS § 641-1(a), HRCP Rule 58 and the holding in <u>Jenkins</u>, the December 5, 2011 judgment also does not qualify as a "judgment" under HRCP Rule 54(a).

Absent a judgment, the October 31, 2012 order does not qualify as an appealable post-judgment order. Although Appellant McMillan purported to invoke HRCP Rule 60(b) in his July 19, 2012 motion for relief from the December 5, 2012 judgment, Hawai'i appellate courts have consistently held that "a motion . . . pursuant to HRCP Rule 60(b), is authorized only in situations involving final judgments." <u>Cho v. State</u>, 115 Hawai'i 373, 382, 168 P.3d 17, 26 (2007) (citations and internal quotation marks omitted); <u>Crown Properties, Inc. v. Financial Security Life Insurance Co., Ltd.</u>, 6 Haw. App. 105, 112, 712 P.2d 504, 509 (1985) ("A Rule 60(b), HRCP, motion is authorized only

-4-

in situations involving final judgments."); <u>Tradewinds Hotel, Inc. v. Cochrane</u>, 8 Haw. App. 256, 262, 799 P.2d 60, 65 (1990) ("Rule 60(b) applies to motions seeking to amend final orders in the nature of judgments."). Similarly in federal courts, "[t]he standard test for whether a judgment is 'final' for Rule 60(b) purposes is usually stated to be whether the judgment is sufficiently 'final' to be appealed." 12 James Wm. Moore et al., <u>Moore's Federal Practice</u> § 60.23, at 81-82 (3d ed. 2009) (footnote omitted). Thus, the United States Court of Appeals for the Ninth Circuit has explained that "Rule 60(b) [of the Federal Rules of Civil Procedure] . . . applies <u>only</u> to motions attacking final, <u>appealable</u> orders[.]" <u>United States v. Martin</u>, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (emphases added). Because the December 5, 2011 judgment does not qualify as a "judgment" under HRCP Rule 54(a), HRS § 641-1(a), HRCP Rule 58, and the holding in <u>Jenkins</u>, when Appellant McMillan filed his July 19, 2012 motion for relief from the December 5, 2012 judgment, Appellant McMillan was not actually invoking the circuit court's authority under HRCP Rule 60(b) to grant relief from a judgment, but, instead, Appellant McMillan was invoking the circuit court's inherent authority to revise any and all interlocutory orders prior to the entry of a judgment. <u>See</u> HRCP Rule 54(b) (Acknowledging that an "order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."); <u>Cho v. State</u>, 115 Hawai'i at 383, 168 P.3d at 27 ("We agree . . . that the trial court has inherent power to reconsider interlocutory

orders."). Consequently, the circuit court's resulting October 31, 2012 order denying Appellant McMillan's July 19, 2012 motion for relief from the December 5, 2012 judgment is not a "post-judgment order" from which a party may appeal, but, instead, the October 31, 2012 order is an interlocutory order that is potentially eligible for appellate review when and if a party asserts a timely appeal from the entry of a future appealable final judgment, because "[a]n appeal from a final judgment brings up for review all interlocutory orders not appealable directly as of right which deal with issues in the case." Ueoka v Szymanski, 107 Hawaiʻi 386, 396, 114 P.3d 892, 902 (2005) (citation and internal quotation marks omitted).

Absent an appealable final judgment, we lack appellate jurisdiction, and Appellant McMillan's appeal is premature. Therefore,

IT IS HEREBY ORDERED that Appellees Hausman and Silva-Hausman's March 18, 2013 motion to dismiss appellate court case number CAAP-12-0001054 for lack of jurisdiction is granted, although on a different ground than argued in the motion, and appellate court case number CAAP-12-0001054 is dismissed.

DATED: Honolulu, Hawaiʻi, May 3, 2013.

Chief Judge

Associate Judge

Associate Judge